UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBYJOE M. HOFFMEYER,

        Plaintiff,

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER

SOCIAL SECURITY ADMINISTRATION,

        Defendant.
_____/

Case No. 14-11690

Paul D. Borman
United States District Judge

Michael J. Hluchaniuk
United States Magistrate Judge

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 18), (2) OVERRULING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF NO. 20), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND (ECF NO. 15). (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16), AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER

Before the Court is Magistrate Judge Michael J. Hluchaniuk's August 17, 2015 Report and Recommendation. (ECF No. 18.) Plaintiff has filed Objections to the Report and Recommendation (ECF No. 20) and Defendant has responded to Plaintiff's Objections (ECF No. 21). Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court ADOPTS the Magistrate Judge's Report and Recommendation, OVERRULES Plaintiff's Objections, DENIES Plaintiff's Motion to for Summary Judgment or Remand, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the findings of the Commissioner.

1

I. **BACKGROUND**

The Magistrate Judge thoroughly summarized the background of this case and the parties' respective positions in his August 17, 2015 Report and Recommendation and the Court adopts that summary here. (ECF No. 18, Report and Recommendation 1-23.)

II. **STANDARD OF REVIEW**

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of

time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

### III. ANALYSIS

Plaintiff has stated two specific objections to the Magistrate Judge's Report: (1) the Magistrate Judge erred in concluding that the ALJ's finding that Plaintiff has failed to demonstrate sensory or reflex loss is supported by substantial evidence; and (2) the Magistrate Judge erred by

3

improperly evaluating post-surgical evidence. The Court agrees with Magistrate Judge Hluchaniuk that substantial evidence supports the ALJ's determination that Plaintiff failed to demonstrate sensory loss and finds that the Magistrate Judge did not improperly evaluate Plaintiff's post-surgical evidence.

The relevant Listing for disorders of the spine, as pertinent to this disability appeal, provides as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
>> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04(A).

Magistrate Judge Hluchaniuk correctly recognized that "in order to satisfy Listing 1.04(A), [Plaintiff] was required to admit evidence of sensory or reflex loss" in addition to muscle weakness. *Norfolk v. Astrue*, No. 12-10338, 2013 WL 183938, at *3 (E.D. Mich. Jan. 17, 2013) (citing *Burbo v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 526, 549-50 (E.D. Mich. 2012)). Listing 1.04(A) requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) *accompanied by sensory or reflex loss . . . .*" *Burbo*, 877 F. Supp. 2d at 550 (noting that evidence of nerve root compression does not satisfy Listing 1.04(A) where medical examinations did not document sensory or reflex deficits) (emphasis in original) (alteration added).

In her Objections, Plaintiff points to two isolated pieces of evidence that she argues demonstrate sensory loss sufficient to meet or medically equal Listing 1.04(A). The first is an exam note by Dr. Schell dated February 6, 2012 (three days prior to Plaintiff's February 9, 2012 surgery) indicating that Plaintiff had "mechanical findings of positive straight leg raising with sensory changes in the L5 distribution." (ECF No. 10, Transcript of Proceedings of the Social Security Administration at 419) (hereinafter "Tr. __."). The second piece of evidence on which Plaintiff relies is an August 30, 2012 notation by Plaintiff's physical therapist indicating that Plaintiff "does have decreased sensation in the left lower extremity in the lateral aspect." Tr. 380.

Both before and after Dr. Schell's February 6, 2012 exam note on which Plaintiff relies, Plaintiff repeatedly was found to have no sensory loss on exam by her neurologist, Dr. Zhao. In each instance, on May 3, 2010, April 28, 2010, July 10, 2010, December 10, 2010, March 14, 2011, July 21, 2011, October 17, 2011, January 9, 2012, March 28, 2012, and May 29, 2012, Dr. Zhao conducted an exam for sensory loss and concluded in his notes: "Sensory exam was normal for pinprick and temperature of all limbs." Tr. 426, 428, 430, 432, 434. Thus, both prior to and after Dr. Schell's February 6, 2012 note indicating "sensory changes," neither Dr. Zhao nor any other medical doctor ever noted any sensory changes or loss.

The only other evidence of a sensory loss finding is a notation in an August 30, 2012 entry by Plaintiff's physical therapist noting "decreased sensation in the left lower extremity." Tr. 380. Less than a month following this August 30, 2012 entry, this same therapist's assessment mentions no sensory deficits and finds that Plaintiff was "able to tolerate all exercises," and had "met most of her goals," and was "able to ambulate without antalgia," and was "able to ascend/descend stairs with a reciprocal gait pattern" and upgraded Plaintiff's rehabilitation potential to "good." Tr. 377.

5

There is no subsequent medical opinion confirming this August 30, 2012 notation by Plaintiff's physical therapist. *Norfolk*, 2013 WL 183938, at * 4. Thus, the ALJ's finding of no sensory loss was supported by substantial evidence.

Even assuming that the isolated findings on February 6, 2012 and August 30, 2012 did indicate possible sensory loss, none of the preceding, intervening or subsequent medical opinions confirmed such a deficit. Thus, Plaintiff "did not show that [her] symptoms lasted for any consecutive twelve month period." *Norfolk*, 2013 WL 183938, at * 4 ("[E]ven if Dr. Liem's opinion established evidence of sensory or reflex loss, such a finding is still insufficient to satisfy Listing 1.04 because [plaintiff] did not show that his symptoms lasted for any consecutive twelve month period.").

It is undisputed that to meet Listing 1.04(A), Plaintiff had to satisfy each and every element of that Listing and therefore had to demonstrate "sensory or reflex loss." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *Blanton v. Soc. Sec. Admin*, 118 F. App'x 3, 6 (6th Cir. 2004) ("An impairment meets a listed impairment only when it manifests the specific findings described in the set of medical criteria for that particular listed impairment."). Likewise, it is undisputed that to equal Listing 1.04(A), Plaintiff had to present medical evidence equal in severity and duration "to all the criteria" of the relevant Listing, including "sensory or reflex loss." *Daniels v. Comm'r of Soc. Sec.*, 70 F. App'x 868, 874 (6th Cir. 2003) (finding that to equal a Listing, "a claimant must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment") (emphasis in original) (internal quotation marks and citation omitted).

The Court finds that Magistrate Judge Hluchaniuk correctly concluded that substantial evidence supports the ALJ's decision that Plaintiff failed to present such evidence here. Even crediting the two isolated notations regarding sensory loss, there was substantial evidence in the record to support the ALJ's conclusion and, in any event, there was insufficient evidence in the record to support a finding that any such sensory loss accompanied any other medically documented 1.04(A) conditions for a period of at least 12 months.

## IV. CONCLUSION

The Court concludes that Magistrate Judge Hluchaniuk correctly found that the ALJ's conclusion that Plaintiff is not disabled is supported by substantial evidence. For the foregoing reasons, the Court:

(1) ADOPTS Magistrate Judge Hluchaniuk's Report and Recommendation (ECF No. 18);

(2) OVERRULES Plaintiff's Objections (ECF No. 20);

(3) DENIES Plaintiff's Motion for Summary Judgment or Remand (ECF No. 15);

(4) GRANTS the Defendant's Motion for Summary Judgment (ECF No. 16); and

(5) AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

                                     s/Paul D. Borman
                                     PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

Dated: November 4, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 4, 2015.

                                     s/Deborah Tofil
                                     Case Manager